YALE TIRE & RUBBER COMPANY v. JOHN SCHMAUSS AND OTHERS.[1]

March 21, 1924.

No. 23,906.

**Parol evidence admissible in action on written contract of sale, when.**

In an action to recover the purchase price of a carload of automobile tubes and tires, sold on a written contract, parol evidence is admissible to show that the vendor agreed to receive from the vendee certain oversize tires and to credit the value thereof on the written contract, where the vendor accepts and sets aside as his property such oversize tires and later refuses to take the same.

Action in the district court for Wabasha county to recover $1,702. The case was tried before Callaghan, J., who at the close of the testimony granted plaintiff's motion to direct a verdict for $1,625·49. From an order granting defendants' motion for a new trial on the ground of errors of law occurring at the trial, plaintiff appealed. Affirmed.

*Murdoch & Lothrop,* for appellant.

*J. E. Phillips,* for respondents.

QUINN, J.

Appeal from an order granting the defendants' motion for a new trial. The plaintiff is a corporation engaged in the manufacture and sale of automobile tires and casings at New Haven in the state of Connecticut. M. E. Majors, referred to in the record, was its general sales agent in this and other states. The defendants are partners engaged in the sale of automobile tires, tubes and casings at Lake City in the state of Minnesota.

Prior to the year 1921, Mr. Majors had been in the employ of the Standard Four Tire Company, and had sold the defendants many tires, some of which, on account of their oversize, were not salable in that locality, and which the defendants were anxious to get rid

[1]Reported in 197 N. W. 753.

of. January, 1921, Mr. Majors went to Lake City as the general sales agent of plaintiff and proposed to sell to the defendants their needed supply of tires, tubes and cases for the coming season. After several days of negotiations the defendants signed an order for a carload of tires and tubes, amounting in the aggregate to over $5,000. The order was approved by the plaintiff, and the goods accordingly shipped to and received by the defendants.

The plaintiff brought this action to recover a balance of $1,702, together with interest thereon from October 18, 1921. The defendants allege in their answer, and it was contended in their behalf upon the trial, that Mr. Majors came to their place of business and announced to them that he had changed from the Standard Four Tire Company to the Yale Tire & Rubber Company, and solicited them to change their handling of tires and allow him to sell them their supply of tires and tubes for the coming seasons. Defendants further contend that Mr. Majors then offered and agreed that, if defendants would become distributing agents for the plaintiff at Lake City for the county of Wabasha and the city of Red Wing and would give the plaintiff an order at once for a carload of tires and tubes, he would take off of defendant's hands all of the oversize tires and tubes carried over by them from the previous season, on an even exchange for an equal value of the plaintiff's tires and tubes in payment therefor. In addition thereto he would allow the defendants a commission of 5 per cent on all sales made by them or by the plaintiff to dealers within the city of Red Wing and the county of Wabasha, outside of Lake City, and, further that plaintiff would purchase from the defendants one Ford coupe' or sedan at the regular dealer's selling price, and apply the same in payment for the car of tires and tubes. Defendants further contend that they accepted such offer, and thereupon gave to plaintiff a written order for such carload of tires and tubes, and that plaintiff's said agent accepted and set aside all of such oversize tires and tubes, amounting in value to something over $1,000, and thereafter requested defendants to store the same in their business place until plaintiff might ship them to some other point, with other goods for sale.

In its answer defendants seek, by way of counterclaim, to recover for the oversize tires and for the 5 per cent commission mentioned. The plaintiff admits in its reply that it agreed to take a Ford coupe' or sedan from defendants and credit the same on the car of tires, but denies the defendants' claim as to the commission and oversize tires. At the trial the court excluded all testimony offered in relation thereto upon the objection that it varied the terms of a written contract.

Subsequently the court granted defendants' motion for a new trial upon the sole ground that the exclusion of such testimony was error. In this the trial court was right. If, as is claimed by the defendants, there was an agreement to the effect that the plaintiff should take the oversize tires from the defendants and give them credit therefor, and it then set them apart and asked defendants to store them, as indicated in defendants' Exhibit C, the plaintiff was entitled to show the facts.

The written contract has to do only with the tubes and casings sold and delivered to the defendants. It is entirely silent as to the Ford car, oversized tires, and the 5 per cent commission for defendants acting as plaintiff's distributing agents. The evidence offered by defendants to prove their claim in respect to the 5 per cent commission should not be received to vary the terms of the writing, and, under the pleadings as they then stood, there was no reversible error in rejecting the offer.

Affirmed.